UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR M. GUERRERO,            )<br>                                              )<br>             Petitioner,           )<br>                                              )<br>     v.                                    )<br>                                              )<br>GOVERNOR ARNOLD           )<br>SCHWARZENEGGER, et al., )<br>                                              )<br>             Respondents.       )<br>_____) | 1:09-cv-00597-BAK-GSA HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF EXHAUSTION<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On September 24, 2008, Petitioner was convicted in the Superior Court of California, County of Los Angeles, and sentenced to a prison term of sixteen months. (Doc. 1, p. 3). Petitioner was released on parole; however, he was returned to prison following an alleged parole violation. (Id.). Petitioner filed the instant petition contending that he was denied a fair parole revocation hearing and that Respondent illegally returned him to prison without conducting such a hearing, thus erroneously extending his release date from May 18, 2009, to August 27, 2009. (Id. at p. 4). On April 17, 2009,

Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 3).

## DISCUSSION

### A. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

B. Petitioner Has Failed To Exhaust His State Remedies.

In the petition before the Court, Petitioner contends that he was denied a fair parole revocation hearing prior to being returned to prison. Petitioner has alleged in the petition that he has filed "various 602 inmate appeals" seeking a proper revocation hearing. (Doc. 1, p. 5). However, Petitioner does not indicate that he has ever presented this issue to the California Supreme Court; indeed, Petitioner does not indicate that he has ever sought relief from any California court regarding his entitlement to a parole revocation hearing.

As mentioned, in order to exhaust a claim, the petitioner must have presented the claim to the state's highest court, i.e., the California Supreme Court. Duncan, 513 U.S. at 365; Picard, 404 U.S. at 276; Johnson, 88 F.3d at 829. Because Petitioner has not presented his claim to the California Supreme Court, it is not exhausted. Because the Court cannot consider an unexhausted petition, it must be dismissed. Rose, 455 U.S. at 521-22; Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997).

## ORDER

Accordingly, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for lack of exhaustion; and

2. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

Dated:   **July 23, 2009**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE